**STATE ex SQUIRE v NATIONAL CITY BANK OF CLEVELAND et**

Ohio Common Pleas, Cuyahoga Co

No 428759. Decided Dec 17, 1935

Daniel E. Morgan, Cleveland, John Eckleberry, Cleveland, Chas. Carr, Cleveland, and Edwin A. Howe, Cleveland, for plaintiff.

Holliday, Grossman & McAfee, Cleveland, Wm. A. McAfee, Cleveland, Maurice Hanning, Cleveland, and Ralph Colbert, Cleveland, for defendant, The National City Bank.

Thompson, Hine & Flory, Cleveland, A. B. Thompson, Cleveland, Squire, Sanders & Dempsey, Cleveland, and Clan Crawford, Cleveland, for defendants, Certificate Holders.

## OPINION

By DAVID RALPH HERTZ, J.

Only two other certificate holders are in like position and their holdings total less than $20,000. Thus this defendant has interests common only to himself and two others, but antagonistic to all other certificate holders because he seeks by way of set-off to cancel an asset of the pool. Three parties are far too few to justify a class suit and we are compelled to regard him therefore as representing only himself.

In this respect he differs from Ulmer, the complaining certificate holder in **Ulmer v Fulton, Supt., etc., 129 Oh St 323, 2 OO 326, 195 NE 557.**  Ulmer represented all the beneficiaries and the Supreme Court recognized him as their spokesman. Upon that theory that court granted him the remedy which he sought. This intervening defendant is not in that position. We are told in Restatement of the Law of Trusts, Vol. I., at page 608,—

"When there is a choice of remedies, no one beneficiary can insist that the court enforce a remedy which is of less pecuniary advantage to the trust estate than another remedy, unless the former remedy is more conducive to effectuating the purposes of trust."

The exception to which the Restatement refers has no application here. Neverthe-

less this intervening defendant asks this court for relief which is of less pecuniary advantage to the trust estate than that relief which the overwhelming majority of certificate holders appear to have elected.

Furthermore, he seems entirely forgetful of his obligations to the other certificate holders over whom he seeks an advantage. In asking that the mortgage on which he is obligor and which the pool holds, be made valueless, he seeks to destroy a part of the corpus of the trust estate.

No ruling is here made upon his right to have himself declared a creditor of the bank, and, in the proper proceedings, to have set-off against the mortgage which the bank still holds. That right is defined in Ulmer v Fulton, supra, and should be asserted against the bank in an independent action. The intervening defendant was given leave to become a party herein to protect not himself alone, but the class which he claimed to represent.

No reason appears, however, to permit him in this cause at the expense of the certificate holders as a class to say that he is a creditor of the trust in which he purchased shares. To permit him to make such a claim would be to give him rights inconsistent with the contract which he made to the detriment of those associated with him as co-beneficiaries.

In Keech v Sanford, 1 Lead. Cas. in Eq., 62 (4th Am. Ed.) as quoted in Duplaines Estate, 1890, 19 Pa. C. C. Reports 344, 346, the doctrine is stated:

"Whenever one person is placed in such relations to another, by the act * * * of the law, that he becomes interested * * * with him in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated."

The same doctrine is stated amply supported by authorities there cited and in form more suitable for application here, in 65 Corpus Juris, 545, Trusts, §299, where the following words are used:

"One cestui que trust cannot acquire rights in, or with respect to, the trust estate which are antagonistic to, or will give him an advantage over his associates in interest."

For these reasons, the prayers herein are denied.